Argued July 13, affirmed as modified September 7, petition for rehearing denied October 3, 1967

ALBERTUS, *Respondent, v.* ICOA LIFE
INSURANCE COMPANY, *Appellant.*

431 P. 2d 264

*Charles H. S. Howe,* Salem, argued the cause for appellant. On the briefs were Long, Neuner, Dole & Caley, Roseburg, and McKinney & Churchill, Salem.

*James G. Richmond,* Roseburg, argued the cause for respondent. With him on the brief were Geddes, Felker, Walton & Richmond, Roseburg.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and LUSK, Justices.

SLOAN, J.

Plaintiff brought this as a suit to rescind certain life insurance policies he had bought from defendant and for the return of premiums paid. The court entered a decree allowing the rescission and a judgment for the return of the premiums. Defendant appeals.

Although this was treated as a suit in equity, *Bollenback v. Continental Casualty Co.,* 1966, 243 Or 498, 414 P2d 802, decided after the instant case was tried, establishes this as an action at law. However, in the instant case this distinction is not material to our decision. If we examine the record *de novo,* the evidence supports the trial court's decision that plaintiff was entitled to restitution.

The evidence sustains the trial court's finding that the policies were purchased by plaintiff as a result of misrepresentations by defendant's agent and that as soon as plaintiff had reason to believe that he had been deceived that he demanded the return of the premiums paid.

The more difficult problem is the extent of the restitution plaintiff is entitled to. Is he entitled to the return of the full amount of the premiums paid, as the trial court decided, or must the amount of the premiums paid be reduced by the cost to defendant of the protection it had afforded plaintiff? *Bollenback v. Continental Casualty Co., supra* held that the amount recoverable upon rescission caused by the repudiation of the insurance contract by the insurer must be reduced by the value of the protection that the insured received.

■ The authority relied on to reach that conclusion in the *Bollenback* case supports the application of the same rule to cases of restitution caused by fraud in the inception of the contract. *Sabbagh v. Professional & Business Men's Life Ins. Co.,* 1962, 79 SD 615, 116 NW2d 513. Like *Bollenback,* the *Sabbagh* case recognized that the remedy of restitution is the same when it is applied to a transaction involving an insurance contract as it is when more tangible property is involved. A condition of restitution in the restoration of the status quo, whether the action be on the ground of fraud or total breach of the contract. See *Federici et ux v. Lehman et al,* 1962, 230 Or 70, 76, 368 P2d 611, 614.

In *Bollenback* we adopted the rule of recovery stated in *Watson v. Massachusetts Mut. Life Ins. Co.,* (DC Cir 1943) 140 F2d 673, 677. In *Watson* it was said that the "* * * right to rescind the contract does not carry with it the right to recover such premiums to the extent that they represent the cost of carrying insurance protection actually furnished plaintiff." The reasoning in the *Watson* rule, quoted in the *Bollenback* opinion, applies equally to the present case.

■ In the instant case, therefore, there must be deducted from the amount of plaintiff's recovery, the actual cost to defendant of carrying the risk while the policies were in force and until the date of plaintiff's demand for the return of the premiums paid, i.e., March 14, 1965.

Defendant's president was the only witness who testified as to defendant's cost. When asked what it cost the company to put these policies on the books, he responded: "The first year it costs $50 a policy plus $10 per thousand face amount of life insurance. The renewal years it costs $5 per policy to maintain them."

Since this is the only evidence on the subject we

assume that it represents defendant's cost of carrying the insurance protection that was actually furnished plaintiff. *Bollenback v. Continental Casualty Co., supra,* 243 Or at 518, 414 P2d at 812.

We compute the total of this cost for the six policies involved in this case at $920. The amount of the judgment entered by the trial court is reduced by that amount.

As so modified, the judgment is affirmed.